WALLACE, JUDGE:
The claimant, L. E. Wine, lived at Gem, West Virginia, which is approximately 2Vz miles south of Burnsville in Braxton County, where he owned and operated a dairy farm. All but 8 acres of his land was condemned by the respondent for the construction of Interstate 79 or 1-79. The remaining acreage is located between W.Va. State Route 3 and 1-79. W.Va. State Route 3, which runs in a north-south direction west of and parallel to 1-79, is located west of the claimant’s property. To reach his property, it was necessary for the claimant to proceed on a road from W.Va. State Route 3 easterly crossing Salt Lick Creek by means of a ford. The claimant maintains that this road is his private road, the respondent claims it is Local Service Road 3/2 owned by it. The claimant testified that there is another creek approximately 200 yards south of his house known as Paddy’s Run which flows under the Baltimore & Ohio Railroad track and empties into Salt Lick Creek. He stated there is or was prior to the construction of 1-79 a road in the vicinity of Paddy’s Run which he contends is Route 3/2.
The Nello Teer Company was the contractor for the respondent in the construction of this particular section of 1-79. The road in question was used both by the contractor and the respondent. Vehicles proceeding to and from the construction site damaged the ford and the road. The claimant’s house and its septic tank were damaged by trucks of the Nello Teer Company. Obert Wine testified that he rented claimant’s house in June, 1971, and moved out on March 7, 1972, because of the conditions caused by the construction. He stated that the septic tank was damaged before he vacated the house and a truck ran into the house in April, 1972. He further testified that Local Service Road 3/2 was the road near Paddy’s Run and not the road through the claimant’s property.
*304 Gerald L. Nicely, testifying for the claimant, testified that he was employed by the respondent as chief inspector in charge of field work on the construction of 1-79. He stated that he knew there was a dispute over the road and that they were directed not to use it. He further testified that respondent had quit using the road when he left its employment in May, 1973.
George P. Sovick, employed by respondent as chief engineer of the Right-Of-Way Division, testified that the road in question was not a private road but was Local Service Road 3/2. He stated it became part of the respondent’s road system in 1933 pursuant to an act of the West Virginia State Legislature.
The claimant and his wife, in the settlement of the respondent’s condemnation suit against them for property needed in the construction of 1-79, executed a deed to the respondent for 27.74 acres of land. A copy of the deed was attached to the claimant’s claim and the respondent introduced a copy as its Exhibit No. 1. The recording data indicates it is recorded in Deed Book 326 at Page 259 in the Braxton County, West Virginia Clerk’s office. The deed, bearing date March 9, 1973 and executed on March 13, 1973 and reciting the consideration of $19,900.00, described by metes and bounds the property conveyed to the respondent. The description by which the claimant and his wife conveyed property to the respondent recognized the existance of Local Service Road 3/2 over and through claimant’s property. The 13th and 14th calls located in the westerly boundary of the description are as follows:
“Thence continuing with the said proposed controlled access right-of-way line in a northern direction 225 feet, more or less, to a point in the southern existing right-of-way line of State Local Service Road 3/2,189 feet radially left of 1-79 Center Line Station 4280+75; thence crossing State Local Service Road 3/2 in a northern direction 33 feet, more or less, to a point in the northern existing right-of-way line of State Local Service Road 3/2, 192 feet radially left of 1-79 Center Line Station 4281 + 08;”.
The description continues and the calls again recite the disputed road in the eastern boundary line. The 23rd, 24th and 25th calls are as follows:
“Thence continuing in a southwesterly direction 842 feet, more or less, to a point in the northern existing right-of-way line of State Local Service Road 3/2, 296 feet radially right of 1-79 Center Line Station 4281+75; thence continuing across *305 State Local Service Road 3/2 in a southerwesterly direction 25 feet more or less, to a point within the existing right-of-way line of State Local Service Road 3/2, said point being 290 feet radially right of 1-79 Center Line Station 4281+50; thence continuing with the said proposed controlled access right-of-way line in a southeasterly direction 10 feet, more or less, to a point in the southern existing right-of-way line of State Local Service Road 3/2, 295 feet radially right of 1-79 Center Line Station 4281+43;”.
The claimant’s property and Local Service Road 3/2 with the above calls are clearly ascertainable on the maps introduced as claimant’s Exhibits 2 and 5.
The deed further contained the following release which released the respondent from subsequent damage:
“For the consideration hereinbefore set forth the Grantor hereby releases Grantee, ... from any and all claims for damages ... of any nature ... arising ... from the construction and maintenance of the highway ... or from work performed ... Grantor further expressly releases all claims of Grantor for damages to any residue of land retained... it being agreed that the compensation herein provided for as purchase price in full compensation both for the land herein described and for all rights and easements hereby released and all damages herein mentioned which Grantor has or may hereafter suffer.”
The preponderance of the evidence establishes that the road claimed by the claimant is Local Service Road 3/2. This Court pursuant to West Virginia Code 14-2-21 cannot take jurisdiction over claims that are barred by the statute of limitations. The claimant filed his claim on July 17, 1975. The damage to the septic tank occurred prior to March, 1972, the damages to the house were in April, 1972. Claimant’s witness, Nicely, testified the respondent had ceased to use the road when he left the construction job in May, 1973.
For the foregoing reasons as established by the record, the Court is of the opinion to and does disallow the claim of the claimant.
Claim disallowed.